**J. W. BARTON, Jr., et al.,
Plaintiffs-Appellants,**

v.

**Robert BERGLAND, Secretary of
Agriculture, Defendant-Appellee.**

No. 78–3166.

United States Court of Appeals,
Sixth Circuit.

Argued June 20, 1978.

Decided July 20, 1978.

**1010**

Kent Masterson Brown, Lexington, Ky., for plaintiffs-appellants.

Patrick H. Molloy, U. S. Atty., John A. West, Asst. U. S. Atty., Lexington, Ky., Edward M. Silverstein, Marketing Div., U. S. Dept. of Agriculture, Washington, D. C., for defendant-appellee.

Before PHILLIPS, Chief Judge, and PECK and KEITH, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the district court granting summary judgment to the Secretary of Agriculture and dismissing the complaint on the merits. Appellants brought this action for declarative and injunctive relief to compel the Secretary to suspend enforcement of certain provisions of the *Official Standard Grades for Burley Tobacco (U.S. Type 31),* 7 C.F.R. §§ 29.3001–29.3182 (1977), which require that burley tobacco sold at auction be tied into "hands"[1] if it is to be graded by tobacco graders of the Grading Service of the U.S.D.A. Agricultural Marketing Service. Appellants contend that these regulations promulgated by the Secretary pursuant to the Tobacco Inspection Act of 1935, 7 U.S.C. §§ 511 *et seq.,* violate the purpose of the Act, are an unconstitutional usurpation by the Secretary of powers delegated to Congress by Article I of the Constitution, and violate appellants' due process rights under the Fifth Amendment. Burley · tobacco which is not tied into hands, but is sold in "looseleaf" form, is not graded. 7 C.F.R. §§ 29.3050, 29.3126 (1977). The parties agree that tobacco which does not have an official standard grade is not eligible to receive price support.[2]

We conclude that Congress has by 7 U.S.C. § 511 delegated to the Secretary of Agriculture discretionary authority to set standards for the inspection of tobacco, *see Currin v. Wallace,* 306 U.S. 1, 59 S.Ct. 379, 83 L.Ed. 441 (1939); *Greer v. Cline,* 148 F.2d 380 (6th Cir. 1945), and the Secretary has exercised his discretion in deciding that burley U.S. No. 31 tobacco shall be graded

---

1. "A tied hand of burley tobacco consists of about 60–70 leaves (or about what can be held in one hand as the farmer 'strips' the tobacco leaves from the stalk.) The hand of tobacco is then tied with a tie leaf of tobacco and placed on a stick with other hands of tobacco. . . . Looseleaf tobacco . . . refers to tobacco which is brought to market either 'sheeted' or 'baled.' Sheeted tobacco refers to tobacco brought to market . . . in a burlap sack. Baled tobacco refers to tobacco brought to market in a tied bale." Appellee's Br. at 7–8 n.6.

2. Both parties support this proposition with a citation to "The Agricultural Adjustment Act of 1935, 7 U.S.C. § 1421." Appellants' Br. at 4, 7; Appellee's Br. at 8. However, it is the Agricultural Act of 1949 which is codified at 7 U.S.C. §§ 1421–1449. Appellee's Br. at 13, A–3. This Act does not appear on its face to restrict price support for burley tobacco to burley tobacco which is sold in tied hands.

only if marketed in tied hands. Appellants' constitutional challenges to the Secretary's regulations are without merit.

■ We note that the regulations enacting the challenged grading standard have been in effect since 1959, and that similar regulations are in effect requiring tobacco graders to grade certain other types of tobacco only if they are marketed in tied hands.[3] We also note that the Secretary is now consulting pursuant to 7 U.S.C. § 511m with the Council for Burley Tobacco, which includes representatives of the Burley Tobacco Growers Cooperative Association, to determine the advisability of permitting looseleaf burley to receive official standard grades which would, in turn, make it eligible for the price support program. It appears that appellants sought to have the district court order the Secretary to amend or suspend enforcement of his regulations without regard to the administrative procedure currently being utilized by the Secretary to determine the propriety of just this result. Under these circumstances the district court properly declined to impose upon the Secretary its own notion of what would be correct procedures and appropriate regulations to follow. *See Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council*, 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978).

The judgment of the district court is AFFIRMED.

---

**3.** *E. g.,* Maryland Broadleaf tobacco (U.S. Type 32), 7 C.F.R. §§ 29.3287, 29.3353; Dark Air Cured tobacco (U.S. Types 35, 36 and 37), 7 C.F.R. §§ 29.3541, 29.3625. *See* Appendix at 349.