Luz M. BERRIOS–BERRIOS in her individual capacity and as next friend of Zulena Segarra–Berrios, an infant, Plaintiff,

v.

Richard THORNBURG, etc., et al., Defendants.

Civ. A. No. 89–282.

United States District Court, E.D. Kentucky, Lexington Division.

June 29, 1989.

Karen Jones, Lexington, Ky., for plaintiff.

Marianna Read, Asst. U.S. Atty., Lexington, Ky., for defendants.

## MEMORANDUM OPINION

FORESTER, District Judge.

This matter is before the court on the motion of plaintiff Luz M. Berrios–Berrios ("Berrios") for a preliminary injunction.

Hearings on the motion were held on June 27 and 28, 1989, at which time the court heard arguments of counsel.

## STATEMENT OF FACTS

Berrios is a female prisoner incarcerated at the Federal Correctional Institution ("FCI") in Lexington, Kentucky. Her expected release date is December, 1990. On June 23, 1989, Berrios gave birth to plaintiff Zulena Segarra–Berrios ("Zulena") at Central Baptist Hospital in Lexington, Kentucky. Zulena is a normal, healthy infant. In addition to Zulena, Berrios is the mother of two other children, ages 13 years old and 9 years old. Although incarcerated, Berrios has made substantial accommodations for the care of her children and remains in continual contact with them and involved with their lives. Upon commutation of her sentence she will resume her role as their primary caretaker.

During her hospital stay, Berrios breast-fed Zulena. Since her arrival at FCI in Lexington, Berrios has made the defendants aware of her desire to breast-feed her newborn infant. In her prior communication with defendants, Berrios requested that arrangements be made at FCI to allow her to breast-feed her infant four times daily and to store her expressed breast milk in a unit refrigerator. Berrios also requested a thirty-day furlough so that she could nurture and care for her newborn. On June 20, 1989, Berrios was informed by defendant Patrick Kane, warden of FCI, that her furlough request was denied and that the prison would not allow her to store her pumped breast milk in the unit refrigerator or to make arrangements to have the pumped milk provided to the infant. As Berrios was being released from Central Baptist Hospital, she was informed by defendant Ralph Duron, the correctional supervisor, that she would not be allowed to breast-feed her infant during visitation times. The denial of her request to breast-feed Zulena in the visiting room during normal visitation times was reiterated on June 26, 1989 by defendant Michael Richers, executive assistant at FCI. The visiting room facility does accommodate women with infants and prisoners are allowed to bottle-feed their newborns in the visiting room.

Berrios has made arrangements for Zulena to be cared for by a friend during her incarceration. The friend is willing and able to come to the prison every day to facilitate Berrios breast-feeding Zulena. The friend is also willing to bring Berrios sterlized bottles and/or disposable liners if the prison wishes her to provide them. In addition, Berrios will provide her own breast pump. Since being denied the opportunity to breast-feed Zulena on June 25, 1989, Berrios has expressed her milk. Because FCI will not provide refrigeration for the milk or an arrangement to transport the milk from Berrios to Zulena, the milk has had to be disposed. Because Berrios does not have access to a breast pump, Berrios presumably is capable of expressing her milk by hand.

## DECISION

In her motion for a preliminary injunction, Berrios brings forth two requests. First, Berrios seeks to be allowed to breast-feed Zulena during normal visitation hours. Second, Berrios seeks to be allowed to express her milk by use of a breast pump, to store her pumped milk in the unit refrigerator, and to compel the defendants to make arrangements to have the pumped milk provided on a daily basis to Zulena's caretaker so that it may be fed to Zulena.

In order to obtain a preliminary injunction, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat that irreparable injury will result in the absence of the injunction; (3) that the threatened harm to the plaintiff outweighs the threatened harm to the defendant; and (4) that granting the injunction will not disserve the public interest. *In re DeLorean Motor Co.,* 755 F.2d 1223 (6th Cir.1985); *Barton v. Bergland,* 444 F.Supp. 447 (E.D.Ky.), *affirmed* 579 F.2d 1009 (6th Cir.1978). Each of these factors must be met before preliminary injunctive relief is appropriate.

■ As an initial matter, the court finds no merit with defendants' contention that

plaintiff may not pursue this action in that she has not exhausted her administrative remedies. From the statements of counsel at the hearing of June 28, 1989, it appears that a dispute exists as to whether Berrios, in fact, did follow the appropriate prison appeals process. Regardless of whether Berrios has filed the appropriate prison appeals, the court finds that the need for immediate resolution of Berrios' requests negates the requirement of exhaustion of administrative remedies. Defendants concede that pursual of the prison appeals process would take at least sixty (60) days to complete. Obviously, such a delay would render Berrios' ability to breast-feed Zulena impossible should the administrative appeals process prove successful for Berrios.

Berrios' initial burden in obtaining a preliminary injunction is to show a substantial likelihood of success on the merits. In an effort to meet that burden, Berrios contends that she possesses a constitutionally protected interest in her decision to breast-feed Zulena and that such interest is not outweighed by the compelling interests of the state. For their part, defendants deny that a fundamental right to breast-feed exists for a prisoner and that, even if such a right does exist, the compelling interests of FCI in furthering the objectives of incarceration and in maintaining security outweigh such a right.

The court is aware of only two cases that have addressed the constitutional proportions of a woman's decision to breast-feed. Both cases were decided by the United States Court of Appeals for the Fifth Circuit. In the first case, *Dike v. School Board,* 650 F.2d 783 (5th Cir.1981), a public school teacher challenged the constitutionality of the school's refusal to permit her to breast-feed her child during her duty-free lunch period. In finding that a woman does enjoy a constitutionally protected interest in breast-feeding her child, the Fifth Circuit concluded that "[i]n light of the spectrum of interest that the Supreme Court has held specially protected ... the Constitution protects from excessive state interference a woman's decision respecting breastfeeding her child." *Id.* at 787. In so

holding, the Fifth Circuit reasoned that the decision to breast-feed was encompassed in a parent's constitutionally protected interest in nurturing and rearing her child. The court stated that "breastfeeding is the most elemental form of parental care. It is a communion between mother and child, that, like marriage, is intimate to the degree of being sacred." *Id.*

In the second case, *Southerland v. Thigpen,* 784 F.2d 713 (5th Cir.1986), a female inmate incarcerated in Mississippi sought to be allowed to breast-feed her infant son. Specifically, the prisoner sought a temporary suspension of her sentence or for the state to house her son with her so that she could readily breast-feed her son. *Id.* at 717. In affirming the district court's denial of her motion for a preliminary injunction, the Fifth Circuit recognized its holding in *Dike* that a woman's decision to breast-feed her child is a fundamental right protected by the Constitution; however, the court determined that Mississippi had stated compelling interests which outweighed any protected interest that the plaintiff may have had. The *Southerland* court found significant the fact that the Mississippi penitentiary system did not have the proper facilities or financial resources to take care of nursing infants and that accommodation of nursing infants would interfere with the maintenance of internal security. The court also found that the state's interest in deterrence and retribution would be undermined by allowing temporary suspensions for female prisoners who choose to breast-feed. *Id.* at 717. The *Southerland* court concluded that the relief requested by the plaintiff was " 'fundamentally inconsistent with imprisonment itself' and 'incompatible with the objectives of incarceration.' " *Id.,* citing *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 3198, 82 L.Ed.2d 393 (1984).

The *Southerland* court also addressed the constitutional claims made on behalf of the infant son of the incarcerated mother. Noting that a husband is not entitled to enjoin the state from causing the loss of society that is the consequence of the incarceration of his convicted spouse and that

minor children lose many types of care and nurture from imprisoned parents, the Fifth Circuit concluded that the infant son's interest in being breast-fed, absent a life-threatening need to be breast-fed, did not outweigh the state's compelling interests. *Id.* at 717–18.

 In considering the instant case, this court is of the same opinion expressed by the Fifth Circuit in *Dike v. School Board, supra,* that a woman does possess a fundamental interest in her decision to breast-feed her child. As found in *Southerland v. Thigpen, supra,* however, plaintiff's status as a convicted prisoner places restrictions on otherwise fully enforceable rights. As has been widely recognized, the lawful incarceration of a person results in the necessary withdrawal or limitation of privileges and rights. *See Jones v. N.C. Prisoners' Labor Union, Inc.,* 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). The restrictions on rights of prisoners otherwise fully enjoyable are justified by the institutional needs of correctional institutions, such as internal security, and by the legitimate objectives of incarceration, such as deterrence, retribution, and correction. *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194. By the same token, prisoners must be accorded "those rights not fundamentally inconsistent with imprisonment itself or incompatible with the objectives of incarceration." *Id.* at 523, 104 S.Ct. at 3198. Consequently, the court must determine whether the compelling interest of the United States government in accomplishing penalogical objectives outweighs the fundamental interest that Berrios possesses in her desire to breast-feed Zulena in light of the two forms of relief that Berrios has requested.

Berrios seeks to breast-feed Zulena during regular visitation hours. Although defendants are obviously opposed to such a situation, defendants have failed to make the court aware of a single rational interest that the government might possess in preventing Berrios or other female inmates from breast-feeding their children during regular visitation hours. Indeed, that defendants allow female inmates to bottle-feed their children during regular visitation periods strongly indicates to the court that no compelling interest exists in preventing female inmates at FCI in Lexington from breast-feeding their children during regular visitation periods. It would appear that prison officials would be more concerned with the minimal security risks posed by allowing a prisoner to handle bottle-feeding paraphernalia than the nonexistent security risk posed by allowing a prisoner to merely handle her child and her own breasts.

 As to Berrios' second request to compel defendants to make arrangements for her to express her milk, to store the milk in a unit refrigerator, and to provide for daily delivery of the milk to Zulena's caretaker, the court is of the opinion that defendants have stated compelling interests of the government that outweigh any interest that Berrios might have in such arrangements. According to defendants, FCI in Lexington houses some 1300 female inmates. Of that number, approximately 50 female inmates are pregnant at any one time. To provide refrigerators to store expressed milk for all inmates who may want to provide breast milk for their infants and to institute a system whereby prison officials must handle the storage and delivery of the milk to caretakers would be a costly and monumental task for prison officials. In addition, difficult considerations of security factors must be taken into account whenever materials are coming in and out of prisoner-access areas. Among these security factors that must be considered is determining how prison officials could check the breast milk and other paraphanalia needed for expressing and storing breast milk for contraband on a continuing basis. Finally, the necessary handling of the breast milk by prison officials would subject such officials to negligence claims by the nursing infants and mothers should the breast milk become spoiled or tainted.

 The court concludes that the concerns raised by defendants constitute compelling interests that outweigh those of Berrios with regards to her second request. Consequently, by not establishing a sub-

stantial likelihood of prevailing on the merits, Berrios fails to satisfy the first requirement for obtaining a preliminary injunction as to her second request. Further, as found by the Fifth Circuit in *Southerland, supra* at 717–18, the court is of the opinion that whatever interests Zulena may have in being breast-fed by her mother under the arrangements in Berrios' second request are outweighed by the compelling interests stated by defendants, absent a showing of dire medical need of Zulena for her mother's breast milk.

■ Having determined, however, that Berrios and Zulena possess a substantial likelihood of prevailing on the merits on Berrios' request to breast-feed Zulena during regular visitation periods, the court must next determine whether Berrios and Zulena meet the remaining three requirements for obtaining a preliminary injunction. The court is confident that Berrios and Zulena do indeed meet these three requirements. Certainly, a substantial threat exists that irreparable injury to Berrios' ability to breast-feed Zulena will result in the absence of an injunction allowing Berrios to breast-feed Zulena during regular visitation periods. Next, the threatened harm to Berrios and Zulena is quite apparent in that they would unnecessarily be deprived of the many beneficial effects of breast-feeding. Such threatened harm outweighs the threatened harm to defendants in that defendants have failed to allege any harm that would result from allowing Berrios to breast-feed Zulena during regular visitation periods. Finally, the court must conclude that it will be a very sad day in America when allowing a mother to breast-feed her infant disserves the public interest. The motion for a preliminary injunction will be granted as to Berrios' request to breast-feed Zulena during regular visitation periods.

A separate order in accordance with this memorandum opinion will be entered on the same day herewith.

### ORDER

In accordance with the separate memorandum opinion entered on the same date herewith, and the court being duly and sufficiently advised, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. Motion of plaintiffs for a temporary restraining order is DENIED as moot.

2. Motion of plaintiffs for a preliminary injunction pursuant to F.R.Civ.P. 65(a) is GRANTED in part and DENIED in part.

3. Defendants are PROHIBITED and ENJOINED from interfering in any manner with plaintiffs' breast-feeding during regular prison contact visits.

4. Plaintiffs shall post security with the clerk of the court is the amount of one dollar ($1.00) pursuant to F.R.Civ.P. 65(c).